IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>ALL PROPERTY IN/UNDERLYING<br>E-GOLD ACCOUNT NUMBERS:<br>544179 and 109243,<br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 07-01337 (RMC)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF CLAIMANT GOLD & SILVER RESERVE, INC. TO PLAINTIFF'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Claimant, GOLD & SILVER RESERVE, INC. ("G&SR"), by its undersigned counsel, answers the Verified Complaint for Forfeiture *In Rem* ("Complaint") and states:

### GENERAL OBJECTION AND DENIAL

Throughout the Complaint the Government inaccurately and misleadingly uses the terms "E-Gold operation" and "E-Gold system" to describe some unknown and undefined enterprise. In fact, Claimants G&SR and E-Gold Limited are two distinct entities that serve unique roles and perform wholly distinct functions. Accordingly, G&SR denies the allegations addressing an "E-Gold operation" or an "E-Gold system."

### SPECIFIC RESPONSES

1. Paragraph 1 of the Complaint states conclusions of law to which no response should be required.

2. Paragraph 2 of the Complaint states conclusions of law to which no response should be required. To the extent that a response is deemed to be required, G&SR denies the allegations set forth in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states conclusions of law to which no response should be required.

4. G&SR denies the allegations set forth in Paragraph 4 of the Complaint.

5. G&SR denies that the defendant property was lawfully seized or that the warrants lawfully required G&SR or any other entity "to convert or exchange the relevant e-gold into funds denominated as United States currency." G&SR admits the remaining allegations set forth in Paragraph 5.

6. G&SR denies the allegations set forth in Paragraph 6 of the Complaint.

7. G&SR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

8. G&SR denies the allegations set forth in Paragraph 8 of the Complaint.

9. G&SR denies the allegations set forth in Paragraph 9 of the Complaint.

10. G&SR denies the allegations set forth in Paragraph 10 of the Complaint.

11. G&SR denies the allegations set forth in Paragraph 11 of the Complaint.

12. G&SR denies the allegations set forth in Paragraph 12 of the Complaint.

13. G&SR denies the allegations set forth in Paragraph 13 of the Complaint.

14. G&SR denies the allegations set forth in Paragraph 14 of the Complaint.

15. G&SR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint. To the extent that a response is deemed to be required, G&SR denies the allegations set forth in Paragraph 15.

16. G&SR denies the allegations set forth in Paragraph 16 of the Complaint.

17. G&SR denies the allegations set forth in Paragraph 17 of the Complaint.

18.  G&SR denies the allegations set forth in Paragraph 18 of the Complaint.

19.  With respect to the last sentence of paragraph 19 of the Complaint, the OmniPay website speaks for itself, and no further response should be deemed to be required.  G&SR denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.  G&SR denies the allegations set forth in Paragraph 20 of the Complaint.

21.  G&SR denies the allegations set forth in Paragraph 21 of the Complaint.

22.  G&SR denies the allegations set forth in Paragraph 22 of the Complaint.

23.  G&SR denies the allegations set forth in Paragraph 23 of the Complaint.

24.  G&SR denies the allegations set forth in Paragraph 24 of the Complaint.

25.  G&SR denies the allegations set forth in Paragraph 25 of the Complaint.

26.  Paragraph 26 of the Complaint states conclusions of law to which no response should be required.  To the extent that a response is deemed to be required, G&SR denies the allegations set forth in Paragraph 26 of the Complaint.

27.  Paragraph 27 of the Complaint states conclusions of law to which no response should be required.  To the extent that a response is deemed to be required, G&SR denies the allegations set forth in Paragraph 27 of the Complaint.

28.  Paragraph 28 of the Complaint states conclusions of law to which no response should be required.  To the extent that a response is deemed to be required, G&SR denies the allegations set forth in Paragraph 28 of the Complaint.

29.  G&SR denies the allegations set forth in Paragraph 29 of the Complaint.

30.  G&SR denies the allegations set forth in Paragraph 30 of the Complaint.

31. G&SR incorporates herein all of the responses set forth in Paragraphs 1 through 30 above as if the same were set forth herein.

32. G&SR denies the allegations set forth in Paragraph 32 of the Complaint.

33. G&SR denies the allegations set forth in Paragraph 33 of the Complaint.

34. G&SR incorporates herein all of the responses set forth in Paragraphs 1 through 33 above as if the same were set forth herein.

35. G&SR denies the allegations set forth in Paragraph 35 of the Complaint.

36. G&SR denies the allegations set forth in Paragraph 36 of the Complaint.

37. G&SR incorporates herein all of the responses set forth in Paragraphs 1 through 36 above as if the same were set forth herein.

38. G&SR denies the allegations set forth in Paragraph 38 of the Complaint.

39. G&SR denies the allegations set forth in Paragraph 39 of the Complaint.

40. G&SR incorporates herein all of the responses set forth in Paragraphs 1 through 39 above as if the same were set forth herein.

41. G&SR denies the allegations set forth in Paragraph 41 of the Complaint.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief may be granted.

2. Plaintiff's claims fail because, at all times relevant hereto, G&SR acted lawfully and abided by all applicable laws and regulations.

3. Plaintiff's claims are barred because G&SR is not a "money transmitting business."

4. Plaintiff's claims are be barred by estoppel.

5. Plaintiff's claims are barred by laches.

6. Plaintiff's claims are barred by the statute of limitations.

7. Plaintiff's claims are barred by waiver.

          Respectfully submitted,

*/s/ Aron U. Raskas*
Aron U. Raskas
District of Columbia Bar No. 422939
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone: 410-752-6030
Fax: 410-539-1269

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2007, a true and correct copy of the foregoing

**ANSWER OF CLAIMANT GOLD & SILVER RESERVE, INC.
TO PLAINTIFF'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

was served on all counsel of record via the Court's Electronic Case Filing system.

/s/ *Aron U. Raskas*
Aron U. Raskas
District of Columbia Bar No. 422939
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone: 410-752-6030
Fax: 410-539-1269