UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ALL PROPERTY IN/UNDERLYING<br>E-GOLD ACCOUNT NUMBERS:<br><br>544179 and 109243,<br>    Defendants.<br>_____<br>Gold & Silver Reserve, Inc. and<br>  e-gold, Ltd.,<br>    Claimants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-1337 (RMC) |

**REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER**

  To comply with this Court's previous orders and LCvR 16.3, counsel for plaintiff United States of America and for claimants Gold & Silver Reserve, Inc. and e-gold, Ltd., respectfully submit this report and a proposed scheduling order. There are no other parties in this case.

  1. Counsel for the United States plaintiff and for claimant conferred electronically, by telephone and e-mail (and in person, immediately following a status in the criminal case held on January 4, 2008, which contributed to the delay in finalizing this report for filing).

  2. This is a civil forfeiture action *in rem*, which the United States filed on July 24, 2007, to forfeit the value assigned to the above-referenced e-gold accounts. The United States alleged several grounds for forfeiture, including: (1) that the defendant property was involved in money laundering (or a conspiracy to commit money laundering); and (2) that the defendant property was involved in the operation of an unlicensed money transmitting business. Plaintiff brought this action under 18 U.S.C. § 981(a)(1).

3.	Gold and Silver Reserve, Inc. and e-gold, Ltd., through Dr. Douglas Jackson, filed verified claims to the defendant property and claimants, through counsel, filed answers to the forfeiture complaint, in which they oppose the forfeiture, deny any unlawful conduct, deny that the property was involved in money laundering or in the operation of an unlicensed money transmitting business, and ask that the seized value they claim, denominated as e-gold, which the Court required be converted to U.S. dollars at the then-current exchange rate of e-gold to U.S. dollars, be returned to them in the exact equivalent amount of e-gold that was seized.  Claimant G&SR is represented by counsel, Mr. Aron U. Raskas, of Kramon & Graham, P.A., and claimant e-gold is represented by Mr. Andrew S. Ittleman, of Fuerst Humphrey Ittleman, PL.  Plaintiff and claimants are the only parties before the Court in this matter, and they do not expect anyone else to join this case.

4.	**The following information is provided consistent with Local Civil Rule 16.3(c)**:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not anticipate filing a dispositive motion before initiation of discovery. Plaintiff anticipates filing a dispositive motion after conclusion of discovery.  Claimant also anticipates filing a dispositive motion after the conclusion of discovery.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties.  They do not now anticipate amending the pleadings at this time, although plaintiff submits that an amendment to the complaint might be appropriate, depending upon what discovery reveals.  If there is a need to join other parties or amend the pleadings, the parties will do so not later than 30 days before discovery ends.  The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The plaintiff does not consent to assignment of the case to a Magistrate Judge. Claimants do not oppose such assignment.**

(4) Whether there is a realistic possibility of settling the case.

**Given the pending prosecution, not at this time.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties do not believe the case could benefit from the Court's ADR procedures at this time and recommend against taking any steps to facilitate such ADR.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff anticipates filing a post-discovery motion for summary judgment. Claimant also anticipates filing a post-discovery motion for summary judgment.**

**The parties agree that if a post-discovery dispositive motion is to be filed, it should be filed within 45 days after the close of discovery; that the opposing party should have 30 days thereafter in which to file an Opposition; and that the moving party should have 15 days to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and whether any changes should be made in the scope, form or timing of these disclosures.

**Plaintiff submits that Fed. R. Civ. P. 26(a)(1) is inapplicable to civil forfeiture cases. This case is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which took effect on December 1, 2006. Claimants believe that this case should not be exempted from Rule 26(a)(1).**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties believe that discovery could be completed in six months, and the proposed scheduling order reflects this. At this time, plaintiff anticipates moving to stay this case pending resolution of the related criminal prosecution and claimants reserve their right to move for or oppose a stay.**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions should occur.

**Plaintiff believes that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified so that a proponent's Rule 26(a)(2) statements will be due within 90 days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within 120 days after commencement of discovery.**

(10) Class Actions

**The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

**The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions**, or, if no dispositive motions are filed, 60 days after the close of discovery.**

(13) Setting Trial date at first scheduling conference or at pretrial conference.

**The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

**Claimants have requested that electronically stored information be produced by the parties as follows: Subject to the following sentence, electronically stored information would be produced in searchable PDF format accompanied by load files containing necessary textual content and relevant metadata sufficient to display, for each document, the identities of the persons who created and received the document, the dates upon which the document was created and accessed by persons reviewing it and other readily available identifying information. Electronically stored information such as voicemail messages and other sound recordings, animated content, web pages, video files and spreadsheets or large**

**databases should be produced in a native or quasi-native format. Notwithstanding all of the foregoing, nothing set forth herein is intended by plaintiff to relieve the parties of the continuing obligation to preserve in a native format all metadata relating to any responsive documents; rather, all such electronically stored information, including metadata should be preserved until the conclusion of this litigation.**

**Plaintiff believes that it also can produce responsive electronically stored information in searchable PDF format, and if not, that such information can be produced in another searchable database format. Plaintiff questions whether (and if so, whose) metadata in its possession is relevant to the claims or defenses in this litigation and has requested further clarification on this issue (including any preservation request) from claimants.**

> Respectfully submitted,
>
> /s/ *Jeffrey A. Taylor*
> JEFFREY A. TAYLOR, DC Bar #498610
> United States Attorney
>
> /s/ *William R. Cowden*
> William R. Cowden, DC Bar #426301
> Assistant United States Attorney
> 555 4th Street N.W., Fourth Floor
> Washington, DC 20530
> (202) 307-0258; (202) 514-8707 (fax)
> William.cowden@usdoj.gov (e-mail)
> Counsel for Plaintiff United States
>
> and
>
> /s/ *Aron U. Raskas*
> Aron U. Raskas, DC Bar #422939
> KRAMON & GRAHAM, P.A.
> One South Street, Suite 2600
> Baltimore, MD 21202-3201
> (410) 752-6030
> Araskas@kg-law.com
> Andrew S. Ittleman, FL Bar #802441
> FUERST HUMPHREY ITTLEMAN, PL
> 1001   Brickel Bay Drive, Suite 2002
> Miami, FL 33131
> (305) 350-05690
> Aillteman@fuerstlaw.com
> Counsel for Claimant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, before filing this REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER, I obtained approval to do so from counsel for claimant(s) and that I also caused it to be transmitted to them through this Court's ECF system upon filing with the Court, on the __7th__ day of January 2008.

                                                     /s/ *William R. Cowden*
                                                   William R. Cowden
                                                   Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 07-1337 (RMC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALL PROPERTY IN/UNDERLYING | ) | |
| E-GOLD ACCOUNT NUMBERS: | ) | |
| | ) | |
| 544179 and 109243, | ) | |
| Defendants. | ) | |
| | ) | |
| Gold & Silver Reserve, Inc. and | ) | |
| e-gold, Ltd., | ) | |
| Claimants. | ) | |
| _____ | ) | |

**INITIAL SCHEDULING ORDER**

This matter came before the Court following submittal by the parties of REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER. The times for completing the pre-trial matters, which are set forth below, run from the date of this Order.

Initial disclosures under Fed. R. Civ. P. 26 are inapplicable/applicable to this case. The parties may use methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d). Discovery shall commence on _____.

A party's Rule 26(a)(2) statements will be due within 90 days after start of discovery, and an opponent's Rule 26(a)(2) statements will be due within 120 days after start of discovery. The parties shall have 180 days from its commencement to complete discovery. Dispositive motions, if any, shall be filed within 45 days of the close of discovery, with all further pleadings due within the time frames set forth in the applicable rules.

A trial will be scheduled at the pretrial conference which shall be held, if necessary,

approximately 30 days after a decision on all post-discovery dispositive motions, or, if no dispositive motions are filed, approximately 60 days after the close of discovery.

    SO ORDERED.

_____                   _____
Dated                                                                  ROSEMARY M. COLLYER
                                                                               United States District Judge