UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL PROPERTY IN/UNDERLYING<br>E-GOLD ACCOUNT NUMBERS:<br>544179 and 109243,<br><br>    Defendant.<br><br>Gold & Silver Reserve, Inc. and e-Gold, Ltd.,<br><br>    Claimants. | Civil Action No. 07-1337 (RMC) |

## SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d) on January 7, 2008, it is hereby **ORDERED** that:

1. Motions to join third parties or to amend the pleadings shall be filed no later than June 6, 2008.

2. A proponent's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than April 7, 2008. An opponent's designation of experts and reports shall be made no later than May 7, 2008.

3. Each party is limited to a maximum of five (5) depositions.

4. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

5. Each party is limited to a maximum of twenty-five (25) requests for admissions, including

discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

6. Discovery in this matter shall commence no later than January 8, 2008.

7. All discovery shall be completed no later than July 7, 2008.

8. Dispositive motions shall be filed no later than August 22, 2008; oppositions to dispositive motions shall be filed no later than September 22, 2008; and replies shall be filed no later than October 7, 2008. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

9. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

10. *Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.*

11. A post-discovery status conference is scheduled 10:30 a.m. on July 18, 2008, at which time a pretrial conference date and a trial date will be selected. Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact

and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

12. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

13. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

14. Electronically stored information should be produced in searchable PDF format accompanied by load files containing necessary textual content and relevant metadata sufficient to display, for each document, the identities of the persons who created and received the document, the dates upon which the document was created and accessed by persons reviewing it and other readily identifying information. Electronically stored information such as voicemail messages and other sound recordings, animated content, web pages, video files and spreadsheets or large databases should be produced in a native or quasi-native format. The parties remain under a continuing obligation to preserve in native format all metadata relating to any responsive documents, and electronically stored information, including metadata should be preserved until the conclusion of this litigation.

**SO ORDERED.**

Date: January 8, 2008

                                            /s/
                                   ROSEMARY M. COLLYER
                                   United States District Judge