UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br>     Plaintiff, : <br> v. : <br> : <br> ALL PROPERTY IN/UNDERLYING : <br> E-GOLD ACCOUNT NUMBERS: : <br> : <br> 544179 AND 109243 : <br>     Defendant. : <br> _____: <br> : <br> Gold & Silver Reserve, Inc., and : <br>     e-gold, Ltd., : <br>     Claimants. : <br> _____/ | Civil Action No. 07-1337 (RMC) <br><br> Hearing Requested |

## CLAIMANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO STAY

Claimants Gold & Silver Reserve, Inc. ("G&SR") and e-gold, Ltd. ("e-Gold"), through undersigned counsel, respectfully submit this opposition to the Government's motion to stay. Because the Government has failed to demonstrate that discovery in this civil forfeiture matter would cause it actual hardship, and because it has failed to show that the duration of the requested stay is reasonable, the Court should deny the Government's motion.

### BACKGROUND

On April 24, 2007, a federal grand jury returned a four-count indictment charging the two claimants and three individuals with conspiracy to commit money laundering; conspiracy to operate an unlicensed money transmitting business; operation of an unlicensed money transmitting business; and a state offense of money transmission without a license ("the Indictment"). That criminal matter is now before the Court in United States v. e-gold, Ltd., et. al No. 07-cr-109 (RMC).

{06676/0/00366448.DOCv1}

On or about April 25, 2007, the Court issued a seizure warrant authorizing the seizure of the "e-gold" held in e-Gold account numbers 544179 and 109243, owned by e-Gold and G&SR, respectively. Complaint (Docket No. 1) at ¶ 5. Federal agents executed those warrants on or about April 26, 2007. They seized 1122.52 fine troy ounces of e-gold, 3,204.97 fine troy ounces of e-silver, 14.29 fine troy ounces of e-platinum, and 3.5 fine troy ounces of e-palladium from account no. 544179; and 1084.48 fine troy ounces of e-gold, 25,835.44 fine troy ounces of e-silver, 218.73 fine troy ounces of e-platinum, and 55.32 fine troy ounces of e-palladium from account no.109243. Id. at ¶¶ 5-6. The approximate value of e-metal seized from e-Gold's account, no. 544179, in U.S. Dollars, was $819,121.85 as of April 26, 2007, and $1,148,599.47 as of February 22, 2008. The approximate value of the e-metal seized from G & SR's account, no. 109243, in U.S. Dollars, was $1,387,805.83 as of April 26, 2007, and $1,985,507.50 as of February 22, 2008.[1]

Approximately three months later, the Government filed the present civil forfeiture suit *in rem* against the property seized from those e-Gold accounts. See Complaint. G&SR and e-Gold, as claimants, timely filed verified statements of interest making claims to the seized assets. The claimants subsequently propounded timely civil discovery requests, pursuant to Federal Rules of Civil Procedure 33 and 34. Rather than responding to those requests, the Government moved to stay its own civil forfeiture proceeding, until 30 days after completion of the criminal trial. See Plaintiff's Motion to Stay and Supporting Memorandum ("Gov't Motion") (Docket No. 18) at ¶ 11 (seeking a stay pursuant to 18 U.S.C. § 981(g)(1)).

---

[1] In the Complaint, the Government has asserted that the U.S. Dollar value of the property recovered and subjected to forfeiture was $1,481,976.38. Complaint, ¶ 6. Claimants have denied that allegation. See Answer of Claimant Gold & Silver Reserve, Inc. to Plaintiff's Verified Complaint for Forfeiture *In Rem*, ¶ 6; Claimant E-Gold, Ltd's Answer to Plaintiff's Verified Complaint for Forfeiture, ¶ 6.

## ARGUMENT

Generally, the power to stay a pending matter "lies within the sound discretion of the trial court." Horn v. District of Columbia, 210 F.R.D. 13, 15 (D.D.C. 2002). Section 981 has circumscribed this discretion, requiring that a stay be predicated upon a showing by the Government "that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Because there is a "strong presumption in favor of discovery" in civil cases, the Government "must overcome that presumption in its request for a stay." United States v. Gieger Transfer Service, Inc., 174 F.R.D. 382, 385 (S.D. Miss. 1997).

Accordingly, to obtain a stay, the Government must clearly show: (1) that the issues in the civil forfeiture action and the criminal case are "substantially similar"; (2) that the Government would suffer "hardship or inequality if required to go forward with the civil case while the criminal investigation is pending"; and (3) "that the duration of the requested stay is not immoderate or unreasonable." Horn, 210 F.R.D. at 15 (quoting St. Paul Fire & Marine Ins. Co. v. United States, 24 Cl. Ct. 513, 515 (Cl. Ct. 1991)). In analyzing the Government's motion for a stay, the Court should also consider the availability of less severe limitations on the claimants' ability to conduct discovery. See 18 U.S.C. § 981(g)(3) ("[T]he court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case."); McSurely v. McClellan, 426 F. 2d 664, 672 (D.C. Cir. 1970) (vacating an order of the district court staying all proceedings in civil case, where there was "no indication that the District Court considered the possibility of more narrowly framed protective orders"); see also United States v. Second Chance, No. 04-cv-280, 2007 WL 1020808 at *4 (D.D.C. Mar. 31, 2007) (noting the

availability of "protective orders and other remedial measures"); <u>SEC v. Oakford Corp.</u>, 181 F.R.D. 269, 272 (S.D.N.Y. 1998) (a court may order a defendant's discovery demands "narrowed or quashed" where the Government can make a showing that "such [civil discovery] demands threaten the integrity of the criminal case in the sense of potential witness tampering (not even suggested here), informant exposure (only vaguely hinted), or the like").

Here, while the issues in this civil forfeiture action and the related criminal matter are "substantially similar," the Government has failed to demonstrate that proceeding with the civil matter would cause it hardship, or that the duration of the requested stay — 30 days after completion of the criminal trial — is not unreasonable. Because the Government has failed to meet these burdens, the Court should deny the Government's motion.

I.  **THE GOVERNMENT HAS FAILED TO SHOW THAT THE CIVIL FORFEITURE ACTION WILL CAUSE ACTUAL HARDSHIP TO THE PROSECUTION OF ITS CASE OR OF ITS INVESTIGATION**

It is the Government's burden to make an "actual showing" of the harm it will suffer without a stay. <u>United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXX8359, in Name of Gold & Silver Reserve, Inc.</u> ("All Funds – G&SR"), 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (Collyer, J.); <u>see</u> also <u>United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account No. 7240001868</u> ("All Funds – Northern Trust"), No. 04-cv-1476, 2004 WL 1834589 at *2 (N.D. Tex. Aug. 10, 2004) (denying the Government's motion to stay, where the Government did "nothing more than speculate about how civil discovery will adversely affect its criminal investigation.").

As the Court is aware, in <u>All Funds – G&SR</u>, the Court stayed a civil forfeiture action involving the same parties. In that earlier opinion, however, the Court relied upon authority that is not applicable in this proceeding.

Relying upon <u>United States v. One Assortment of Seventy-Three Firearms</u>, 352 F. Supp. 2d 2 (D. Me. 2005), the Court in <u>All Funds – G&SR</u> held that a stay should be granted "[w]here civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding.'" <u>All Funds – G&SR</u>, 456 F. Supp. 2d at 65-66 (quoting <u>One Assortment of Seventy-Three Firearms</u>, 352 F. Supp. 2d at 4). At the time, <u>One Assortment of Seventy-Three Firearms</u>, which concerned a motion for a stay filed jointly by both the Government and the respective claimants, was arguably relevant to the forfeiture action then before this Court: like the G&SR and e-Gold defendants, the <u>One Assortment of Seventy-Three Firearms</u> defendants had not yet been indicted and civil discovery might have interfered with the Government's still developing investigation. <u>One Assortment of Seventy-Three Firearms</u>, 352 F. Supp. 2d at 4. Yet, that rationale no longer applies in the present context.

The Indictment was issued almost ten months ago, the Government's investigation is more than three years old, and some of the allegedly unlawful acts occurred almost ten years ago. <u>See</u> Indictment, <u>United States v. e-gold, Ltd.</u>, No. 07-cr-109 (RMC) (Docket No. 1). There is no reason to stay discovery under such circumstances. Rather, because some of the facts underlying this litigation are already almost a decade old, and because "one of the functions of discovery is to preserve testimony while recollection is relatively fresh," the Court should permit discovery to proceed in this civil forfeiture action. <u>See</u> <u>McSurely</u>, 426 F.2d at 671-72 (finding that, where the relevant facts were "already more than two years old," an indefinite stay should not be entered "unless no alternative is available").

In its motion, the Government fails to make a specific showing that permitting discovery in the civil forfeiture action will actually harm its prosecution of the related criminal matter.

Instead, it claims that, without a stay: (1) it will be required to provide the claimants with "more information than they are entitled under criminal discovery rules"; (2) it will be required to identify "persons — particularly civilian, non-police witnesses — who will testify at the criminal trial"; and, (3) civil discovery will "consume the time of law enforcement agents who are preparing for the criminal trial in October." Gov't Motion at ¶ 11. Yet, none of these reasons satisfy the Government's burden of demonstrating actual harm.

First, while the Government states that discovery in the civil forfeiture action will provide the claimants with information to which they are not entitled under the rules governing criminal discovery,[2] see Gov't Motion at ¶ 12, it fails to assert how this will cause the Government actual harm. "There is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding. On the contrary, the Government must make an actual showing regarding the anticipated adverse effect." All Funds – Northern Trust, 2004 WL 1834589 at *2; see also Horn, 210 F.R.D. at 15 (holding that the mere prospect that discovery in a civil case *could* prejudice the criminal proceedings is insufficient grounds for a stay); Oakford Corp., 181 F.R.D. at 272-73 (holding that there is no cognizable harm to the Government when defendants obtain "certain ordinary discovery that will also be helpful [to them] in the defense of their criminal case . . . beyond [the Government's] desire to maintain a tactical advantage."). According to the Government's theory, "*every* civil forfeiture case with a related criminal investigation is entitled to a stay. Such speculative and conclusory theories undercut the requirement of section 981(g) *that the Government actually show that civil discovery will adversely affect its ability to conduct the criminal investigation.*" All Funds –

---

[2] Of course, the Government disregards the fact that claimants specifically *are entitled* to such discovery in *this* action.

Northern Trust, 2004 WL 1834589 at *2 (emphasis in original). The Government has failed to do so, and its motion should be denied.

Second, while the Government complains that it has no duty to provide the names of witnesses it will call at trial, see Gov't Motion at ¶ 13, the claimants have asked only for the names of people with knowledge of the facts alleged in the civil complaint, and for the facts underlying certain of the assertions set forth in the complaint — not a witness list. See generally Gold & Silver Reserve, Inc.'s Interrogatories to Plaintiff (attached to Gov't Motion); Gold & Silver Reserve, Inc.'s Request for Production of documents (same). The Government has not demonstrated that disclosing this information to the claimants "*will* adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." See 18 U.S.C. § 981(g)(1) (emphasis added); see also Horn, 210 F.R.D. at 16 ("This claim of 'likely . . . interference' falls far short of the showing of 'hardship or inequality' required"). Moreover, "[t]he government has no monopoly on access to potential witnesses in a criminal case." SEC v. Kornman, No. 04-cv-1803L, 2006 WL 148733 at *3 (N.D. Tex. Jan. 18, 2006) (affirming an order of a magistrate judge denying a stay of a civil case based on the Government's general objection that it may lead to premature disclosure of the Government's criminal case).[3]

Finally, despite the fact that the criminal trial is not scheduled to commence for another eight months, the Government asserts that its "prosecution of its criminal case will be adversely

---

[3] In the single instance where the Government alleges how release of this information might prejudice its case, it does so in uncertain, equivocal terms. See Gov't Motion at ¶ 13 n.4 (asserting that to answer claimants' Interrogatory No. 10, the Government would "*almost certainly* . . . have to identify potential criminal defendants, prosecution of whom the government *might not* be ready yet to disclose. It appears *likely* that the government also will have to identify victims of schemes to promote child exploitation.") (emphasis added). The Government therefore falls short of meeting its burden with respect to this particular Interrogatory. However, even if the Court were to conclude otherwise, this would be a basis for the Court to extend to the Government a protective order excusing it from responding to this particular Interrogatory, not a basis for a wholesale stay of all discovery.

7

affected by civil discovery simply because [its] agents cannot both prepare for criminal trial and simultaneously help to compile the extensive material that claimants seek to discover." Gov't Motion at ¶ 14. While "[a] concern with an abuse of liberal civil discovery arises if a criminal defendant later initiates a civil suit in a tactical maneuver to enable [him] to gain advance information of the criminal case," that is clearly not the case here, where the Government initiated the criminal prosecution and the civil suit. See Barry Farm Resident Council, Inc. v. United States Dep't of the Navy, Nos. 96-01450 & 96-01700, 1997 WL 118412 at *4 (D.D.C. Feb. 18, 1997) (quoting Campbell v. Eastland, 307 F.2d 478, 483 (5th Cir. 1962)) (internal quotation marks omitted).

It stretches credulity for the Government to claim "hardship" in the simultaneous pursuit of a civil and a criminal action — when both actions were *brought by the Government.* See Gieger Transfer Service, Inc., 174 F.R.D. at 384 ("[T]he Government chose here to bring the simultaneous civil and criminal proceedings, and now it complains about the timing of discovery."); id. at 385 ("[I]t is the Government that has created the conflict between the civil and criminal cases by simultaneously filing those actions."). The Government has cited no authority supporting its argument in this regard, and the Court should not permit the Government to now complain about the conflict it chose to create of its own accord.

## II.   THE GOVERNMENT HAS FAILED TO DEMONSTRATE THAT ITS REQUESTED STAY IS REASONABLE IN DURATION

The Government has also failed to meet its burden of demonstrating that "the duration of the requested stay is not immoderate or unreasonable." See Horn, 210 F.R.D. at 15. The assets that the Government has seized represent the very lifeblood of the corporations. Yet, the Government seeks to stay all civil proceedings – and, thus, any ability that Claimants have to obtain the seized funds – until 30 days after the completion of trial, which is currently scheduled

8

to commence on October 27, 2008. This means that, if the Government's request were to be granted, the stay would likely be in effect for almost a year, into 2009. Gov't Motion at ¶ 5. Courts have routinely rejected stays of such a prolonged duration. See, e.g., McSurely, 426 F.2d at 671-72 (rejecting a trial court's stay of proceedings lasting until 30 days after the final resolution of criminal matter, including appeals); Second Chance, 2007 WL 1020808 at *4 (rejecting a stay of all civil proceedings until the completion of any criminal proceedings); see also Barry Farm Resident Council, Inc., 1997 WL 118412 at * 1 (denying the Government's motion to stay the proceedings pending the conclusion of a criminal investigation). And the cases cited by the Government fail to support its request. See, e.g., United States v. All Funds Deposited in Account No. 200008524845, 162 F. Supp. 2d 1325, 1333 (D. Wyo. 2001) (approving a stay of only 90 days); One Assortment of Seventy-Three Firearms, 352 F. Supp. 2d at 3-4 (same). The Government has failed to show that its requested stay — lasting 30 days past the conclusion of the criminal trial — is not immoderate or unreasonable. Accordingly, its motion should be denied.

## CONCLUSION

For the reasons stated herein, Claimants respectfully request the Court deny the Government's motion to stay.

Respectfully submitted,

/s/ Aron U. Raskas
Aron U. Raskas
District of Columbia Bar No. 422939
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone: 410-752-6030
Fax: 410-539-1269
araskas@kg-law.com

Counsel for Gold & Silver Reserve, Inc.

/s/ Andrew S. Ittleman
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
FUERST HUMPHREY ITTLEMAN, PL
1001 Brickell Bay Drive, Suite 2002
Miami, Florida 33131
Telephone: 305-350-5690
Fax: 305-371-8989

Counsel for e-gold Ltd.

## REQUEST FOR HEARING

Claimants, pursuant to LCvR 7(f), respectfully request that the Court conduct an oral hearing on the Government's Motion to Stay.

/s/ Aron U. Raskas
Aron U. Raskas

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2008, a true and correct copy of the foregoing Claimants' Memorandum of Law in Opposition to the Government's Motion to Stay was served via ECF on all counsel of record.


                                        /s/ AronU. Raskas
                                        Aron U. Raskas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff,<br>v.<br><br>ALL PROPERTY IN/UNDERLYING<br>E-GOLD ACCOUNT NUMBERS:<br><br>544179 AND 109243<br>　　　　Defendant.<br><br>Gold & Silver Reserve, Inc., and<br>　　e-gold, Ltd.,<br>　　　　Claimants. | Civil Action No. 07-1337 (RMC) |

## ORDER

Upon consideration of Plaintiffs' Motion to Stay and Supporting Memorandum, and Claimants' Memorandum of Law in Opposition to the Government's Motion to Stay, and the Court having heard argument thereon, it is this \_\_\_\_ day of _____, 2008,

ORDERED, that Plaintiffs' Motion to Stay be, and hereby is, DENIED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　ROSEMARY M. COLLYER
　　　　　　　　　　　　　　　　　　United States District Judge

{06676/0/00366449.DOCv1}