UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 07-1337 (RMC) |
| : | |
| **ALL PROPERTY IN/UNDERLYING** : | |
| **E-GOLD ACCOUNT NUMBERS:** : | |
| : | |
| **544179 AND 109243,** : | |
| Defendant. : | |
| _____: | |
| : | |
| **Gold & Silver Reserve, Inc., and** : | |
| **e-gold, Ltd.,** : | |
| Claimants. : | |
| _____: | |

### REPLY TO CLAIMANTS' OPPOSITION TO MOTION TO STAY

*COMES NOW*, the plaintiff United States to reply to claimants' opposition to a stay of this forfeiture action until 30 days after the return of a verdict in a related criminal case. In summary, the language of 18 U.S.C. § 981(g)(1) mandates a stay when "civil discovery will adversely affect the ability of the government to conduct . . . the prosecution of a related criminal case." The quickest glance at claimants' tendered civil discovery requests shows its inexorable adverse affect on a related criminal prosecution. Claimants' arguments to the contrary belie the plain import – maybe even the intent – of their discovery, and the authority cited in their opposition is inapposite, relying either on irrelevant and superseded law or materially different facts.

1.  In April 2007, a federal grand returned a four-count indictment, including a forfeiture allegation, which charged two entities, e-gold, Ltd. ("EGL"), and Gold & Silver Reserve, Inc. ("GSR"), and three individuals with unlawful conspiracy and related financial

crimes. This prosecution now is before this Court in <u>United States</u> v. <u>e-gold, Ltd., et al.</u>, Crim. No. 07-109 (RMC). The government alleges that defendants ran the "e-gold operation," an electronic system for transferring funds over the "Internet," using accounts opened and accessed through the Internet. The government also alleges that the e-gold operation is managed and operated by the two defendant entities, EGL and GSR, and several individuals.

      2.      In April and May 2007, this Court issued warrants to seize property "underlying" various accounts in the e-gold operation, including those identified as numbers 544179 and 109243. When federal agents executed the warrants for e-gold account numbers 544179 and 109243, they got control of property valued at $1,481,976.38. Thereafter, in July 2007, the government brought this civil forfeiture complaint *in rem* against the property seized from e-gold account numbers 544179 and 109243. When bringing this forfeiture action, plaintiff filed a "Notice of Related Case" citing <u>United States</u> v. <u>e-gold, Ltd., et al.</u>, Crim. No. 07-109 (RMC), pursuant to LCvR 40.5. In September 2007, EGL and GSR filed verified claims to the defendant property, entering this civil case to oppose forfeiture. These entities are the two defendants with the same names in the criminal case in <u>United States</u> v. <u>e-gold, Ltd., et al.</u>, Crim. No. 07-109 (RMC).

      3.      By previous order, this Court has set the related criminal case's trial for October 27, 2008. On January 7, 2008, claimant GSR propounded civil discovery to the plaintiff United States, including 27 interrogatories and 25 requests for production of documents. In response, on February 5, 2008, the government moved to stay of this action until 30 days after trial's end in the related criminal prosecution, now set to begin in eight months.

## II. ARGUMENT IN REPLY.

4.  In a civil forfeiture action, the "court shall stay" proceedings when "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Contrary to the thrust of the opening sentence in claimants' argument, granting a § 981(g)(1) stay is not a matter of discretion. Rather, as the statute states, "the court *shall* stay the civil proceeding" when "civil discovery will adversely affect" prosecution of the related criminal case (emphasis added). See United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXX8359, 456 F. Supp.2d 64, 65 (D.D.C. 2006).

5.  After this, claimants hand the Court a logically and legally flawed argument when they contend that the government must overcome a strong presumption in favor of discovery in order to merit a stay. Claimants' Opposition at 3 (citing United States v. Gieger Transfer Service, Inc., 174 F.R.D. 382, 385 (S.D. Miss. 1997)). Because § 981(g)(1) mandates that a stay shall be granted when civil discovery will adversely affect the government's ability to prosecute a related criminal case, logically no presumption in favor of civil discovery can obtain. Further, absolutely no authority that claimants cite holds that such a presumption exists in civil forfeiture cases. Doubtless, this legal flaw inheres in claimants' citations to inapposite precedents. These either are not civil forfeiture cases at all or decide an issue before Congress had enacted § 981(g)(1) to mandate a stay of civil forfeiture cases "when civil discovery will adversely affect" prosecution of a related criminal matter. See e.g., Horn v. District of Columbia, 210 F.R.D. 13, 15 (D.D.C. 2002) (not civil forfeiture case and thus not authority for deciding forfeiture "stay" issue arising under § 981(g)(1)) (cited in Claimants' Opposition at 2); United States *ex rel.*

Westrick v. Second Chance, Civ. Act. 04-0280 (RWR), Slip Op. At 4 (D.D.C. Mar. 31, 2007) (unpublished opinion available at 2007 WL 1020808) (not civil forfeiture case and denying private *defendant's* motion for stay) (Claimants' Opposition at 3); SEC v. Kornman, No. Civ.A. 3:04CV1803L (N.D. Tex. Jan. 18, 2006) (unpublished opinion available at 2006 WL 148733) (not civil forfeiture case) (Claimants' Opposition at 7). Some of claimant's other citations hit both ends of the inapposite daily double – they are not forfeiture cases, and even if they were, they antedate the enactment in 2000 of the statute governing stays in civil forfeiture cases. See, e.g., United States v. Gieger Transfer Service, Inc., supra, 174 F.R.D. at 385 (1997 decision in False Claims case) (claimant's opposition at 3, 8), SEC v. Oakford Corp., 181 F.R.D. 269 (S.D.N.Y. 1998) (pre-2000 decision that is not civil forfeiture case and not even "stay" case) (Claimants' opposition at 4), and Barry Farm Resident Council, Inc. v. U.S. Dep't of the Navy, Civ. Act. Nos. 96-01450 (HHG) & 96-01700 (HHG) (D.D.C. Feb. 18, 1997) (unpublished decision available at WL 118412) (pre-2000 decision in Clean Water Act case) (Claimant's Opposition at 8).

6. Second, claimants opposition concedes a key prerequisite for a stay – that the civil forfeiture action and the criminal prosecution are related cases. See Claimants' Opposition at 4 ("issues in this civil forfeiture action and the related criminal matter are 'substantially similar'"); see also 18 U.S.C. § 981(g)(4) (defining related criminal case and setting criteria for gauging if civil forfeiture proceeding is "related"). After this acknowledgment, claimants limit their arguments to contending that plaintiff "has failed to demonstrate that proceeding with the civil matter would cause it hardship, or that the duration of the requested stay . . . is not unreasonable."

7. Sadly for the merits of claimants' arguments, their words are not the language

Congress used when it in enacted § 981(g). Congress never required the government to prove "hardship" before the Court had to order a stay, nor does § 981(g) require the government to show that a stay's duration is "not unreasonable" – although plaintiff's proposed stay is entirely reasonable. Instead, Congress's language requires the Court to stay this civil forfeiture proceeding if it determines that "civil discovery will adversely affect" the government's ability to prosecute the related criminal case.

  8. Claimants downplay the adverse effect of having to answer their discovery requests, suggesting that they do not rise to "actual harm." First, of course, the government does not have to prove "actual harm" for a stay to be mandated – that is simply a talismanic phrase that claimants imported from irrelevant precedent with no basis in statute or reasoned analysis. Nevertheless, without indulging in the speculative, dreaming up the hypothetical, or inventing the chimerical, the government has pointed to specific, concrete adverse effects certain to ensue from answering claimants' discovery. Unlike <u>United States</u> v. <u>All Funds ($357,311.68) Contained in Northern Trust Bank Of Florida Account Number</u>, etc., No. Civ.A.3:04-CV-1476-G (N.D. Texas Aug. 10, 2004) (unpublished decision available at 004 WL 1834589), claimants here have tendered more than 50 specific requests for production of documents and interrogatories. The consequences of answering these now can be assessed. In <u>All Funds ($357,311.68)</u>, <u>etc.</u>, the government sought a stay the day after filing its civil forfeiture complaint, long before any claimant had propounded discovery. On that ground alone, the decision is distinguishable and, therefore, unpersuasive. As <u>All Funds ($357,311.68)</u>, <u>etc.</u>, noted the government had failed "to point to any specific discovery request or abuse that has taken place, and makes no legitimate argument about the prospective ability [of claimants] to engage in discovery that could

compromise its related criminal investigation." Id. at 2. In contrast, here the government has pointed to individual discovery requests and articulated the adverse affects of answering them. They include: (1) identifying witnesses who will be called at the criminal trial, especially persons who are not professional law enforcement agents; (2) identifying publicly both possible victims and potential suspects in child exploitation cases; (3) supplying claimants – also defendants in the related criminal case – Jencks statements and documents to which these defendants either never would be entitled or would not be entitled before trial under applicable criminal statutes and rules; (4) diverting scarce law enforcement resources from preparation for the criminal trial to assisting in answering civil discovery. Because these are concrete examples of adverse effect, claimants derive no benefit from the rationale of All Funds ($357,311.68), etc. More persuasive are the contrary decisions mentioned in All Funds ($357,311.68), etc. These include United States v. All Funds on Deposit in Business Money Market Account No. 028-942059-66 ( "All Funds-New York" ), 319 F. Supp.2d 290, 294 (E.D.N.Y. 2004) (granting stay after reviewing government submission that "demonstrated that allowing civil discovery to proceed will impede the criminal investigation and prosecution"); United States v. All Funds Deposited in Account No. 200008524845, First Union National Bank ( "All Funds-Wyoming" ), 162 F. Supp.2d 1325, 1331-33 (D. Wyo. 2001) (granting stay after reviewing claimants' existing discovery requests and government's *ex parte* submissions).

    9.    Last, claimants' assertions about a stay's supposedly unreasonable duration, presuppose that the stay is warranted on the merits. The "not unreasonable duration" argument does not challenge whether a stay should issue, but only how long one should exist. To discuss a stay's duration must be to agree that a stay of some length is justified. Even were this not so,

claimants' resort to Horn v. District of Columbia, supra, 210 F.R.D. at 15, is as misplaced as it was when claimants' earlier used Horn to imply that a forfeiture stay is an issue of discretion, rather than a statutory mandate. Horn neither analyzed a stay in a forfeiture case, nor did it construe the statute that governs granting this motion. In this case, the related criminal case includes a forfeiture allegation that may render this action moot. Logic, and limited judicial resources, support issuing the stay for the duration the government has requested.

      10.     In summary, this Court ruled correctly when it stayed a nearly identical case with effectively the same parties in 2006, noting that "civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties." United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, supra, 456 F. Supp.2d at 65. If anything, the reasons for staying this civil forfeiture proceeding now are even more compelling. What had been a criminal investigation has become an indicted prosecution with a trial date that is several months away. More than 50 specific civil discovery requests have been propounded, and their adverse effect on the prosecution concretely can be – and has been – shown merely by quoting these requests. Under these circumstances § 981(g)(1) requires a stay.

      **WHEREFORE**, plaintiff prays this Honorable Court to grant its motion, to stay proceedings in this matter, and to issue the attached proposed order.

      Respectfully submitted,

      /s/ *Jeffrey A. Taylor*
      JEFFREY A. TAYLOR, D.C. Bar #498610
      United States Attorney

                    /s/ *William R. Cowden*
                    WILLIAM R. COWDEN, D.C. Bar No. 426301
                    Assistant United States Attorney
                    555 4th Street N.W.
                    Washington, D.C. 20530
                    (202) 307-0258 (with voice-mail)
                    (202) 514-8707 (Telefax)
                    William.Cowden@USDoJ.Gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I caused this government's Reply to be transmitted to record counsel for claimants through this Court's ECF system upon filing with the Court on the  3rd  day of March 2008.

                    /s/ *William R. Cowden*
                    William R. Cowden
                    Assistant United States Attorney