UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1337 (RMC) |
| ) | |
| ALL PROPERTY IN/UNDERLYING ) | |
| E-GOLD ACCOUNT NUMBERS: ) | |
| 544179 and 109243, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Gold and Silver Reserve, Inc., and ) | |
| e-Gold, Ltd., ) | |
| ) | |
| Claimants. ) | |

## ORDER

This matter comes before the Court on Plaintiff United States of America's Motion to Stay these proceedings until 30 days after the return of a verdict in related criminal case *United States v. e-Gold, Ltd.*, Crim. No. 07-109 (RMC). *See* Pl.'s Mot. to Stay ("Pl.'s Mem.") [Dkt. # 18]. Plaintiff seeks this stay because "civil discovery will adversely affect the ability of the government to conduct . . . the prosecution of a related criminal case," pursuant to 18 U.S.C. § 981(g)(1). *Id.* Claimants Gold and Silver Reserve, Inc. ("G&SR") and e-Gold, Ltd. ("e-Gold") oppose saying that the Government has "failed to demonstrate that discovery in this civil forfeiture matter would cause it actual hardship, and because it has failed to show that the duration of the requested stay is reasonable." *See* Claimants' Mem. of Law in Opp'n to the Government's Mot. to Stay (Claimants' Mem.") [Dkt. # 19].

## I.  BACKGROUND FACTS

In April 2007, a federal grand jury returned a four-count indictment, including a forfeiture allegation, which charged e-Gold, G&SR, and three individuals with unlawful conspiracy and related financial crimes.  This prosecution is now before the Court in *United States v. e-Gold, Ltd. et. al.*, Crim. No. 07-109 (RMC).  The government alleges that Defendants ran the "e-gold operation," an electronic system where e-Gold issued digital currency known as "e-gold," "which function[s] as an alternative payment system" in violation of various statutes including 18 U.S.C. §§ 1956, 371 and 1960.  *See* Indictment in Crim. Case. No. 07-109 [Dkt. #1].  The government also alleges that the "e-gold operation" is managed and operated by the two defendant entities, e-Gold and G&SR, and several individuals.

In April and May 2007, this Court issued warrants to seize property "underlying" various accounts in the e-gold operation, including those identified as numbers 544179 and 109243. When federal agents executed the warrants for e-gold account numbers 544179 and 109243, they got control of property valued at $1,481,976.38.  Thereafter, in July 2007, the government brought this civil forfeiture complaint *in rem* against the property seized from e-gold account numbers 544179 and 109243.  When bringing this forfeiture action, Plaintiff filed a "Notice of Related Case" citing *United States v. e-Gold-Ltd. et. al.*, Crim. No. 07-109 (RMC), pursuant to LCvR 40.5.  *See* Dkt. #2.

By previous order, this Court set the related criminal case's trial for October 27, 2008. On January 7, 2008, claimant G&SR propounded civil discovery to the plaintiff United States, including 27 interrogatories and 25 requests for production of documents.  *See* Pl.'s Mem., Exs. 1 & 2. In response, on February 5, 2008, the government moved to stay this action until 30 days after

the criminal trial's end.

## II. ANALYSIS

The government seeks to stay this matter pending the outcome of the criminal proceedings on the ground that civil discovery will prejudice the government's ability to investigate and prosecute the related criminal matter. The government's motion is made pursuant to 18 U.S.C. § 981(g). That statute requires a court to stay a civil forfeiture proceeding if the court determines that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). The government must satisfy the court that civil discovery would adversely affect the criminal case, and if so, then the court must grant the stay. See 18 U.S.C. 981(g)(1); *see also United States v. All Funds on Deposit in Suntrust Account XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006). "[C]ivil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties." *Id*. (citing *McSurley v. McClellan*, 426 F.2d 664, 671-72 (D.C. Cir. 1970)). However, the government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case. *Id*. (citing *United States v. GAF Financial Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D.Fla. 2004)).

At the outset, the court notes that there is no question but that the criminal and civil matters are "related," within the meaning of the above-referenced statute. As noted above, when this case was filed the Government filed a "Notice of Related Case" pursuant to LCvR 40.5. Moreover, this case involves the same facts, witnesses, and parties. *See United States v. All Funds on Deposit in Business Money Market Account No. 028-0942059*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (finding cases related where cases had common facts and witnesses); *see also GAF Financial Servs.*,

335 F. Supp. 2d at 1373 (where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related). The only hurdle left for the government to jump is whether civil discovery will adversely affect the investigation or prosecution of its case. The Court is satisfied that information routinely ordered disclosed in civil matters would supply to claimants more information and more documents than the same entities and related persons are entitled to receive in their parallel position of defendants in the related case. Additionally the civil discovery process would force the government to identify witnesses it will call at the criminal trial, including ones who are not law enforcement agents. Lastly, without a stay, the government's prosecution of its criminal case will be adversely affected by civil discovery because the government's agents would be forced to compile discovery when their efforts would otherwise be directed to prosecuting the criminal case. Under these circumstances, the court is required to stay this civil action. Accordingly, it is hereby

**ORDERED** that Plaintiff United States' Motion to Stay [Dkt. #18] is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **STAYED**, until further order of the Court; and it is

**FURTHER ORDERED** that within 30 days following the return of a verdict in the related criminal case, *United States v. e-Gold, Ltd., et al.*, Crim. No. 07-109 (RMC), the parties shall move the Court to convene a status hearing in this action, or otherwise advise the Court when the stay may be dissolved.

**SO ORDERED.**

DATE March 6, 2008                          _____/s/_____
                                            ROSEMARY M. COLLYER
                                            United States District Judge